And the last case of the morning is People of the State of Illinois v. Thomas Byrd. And Mr. Evers, when you're ready, approach the podium and begin. Mr. Court, on this beautiful day, we're here talking about the case of People v. Thomas Byrd. He entered a plea of guilty to aggravated kidnapping and home invasion. A charge of aggravated criminal sexual assault was dismissed. We're appealing from the denial of his motion to withdraw a guilty plea. I'd like to focus on Argument 2, raised in the brief, concerning whether Mr. Byrd was motioned to withdraw a guilty plea. And I won't touch upon Argument 1 unless any member of this court has a question to ask about that. Turning to Argument 2, at the hearing on his motion to withdraw a guilty plea, Mr. Byrd was representing himself, and he asked to be allowed to have the complaining witness be brought in to testify. He was making an argument in the circuit court that essentially he had a defense worthy of consideration by a jury and that the interest of justice was such that he should be allowed to withdraw his guilty plea and have a jury trial. Now, in discussing the calling of the complaining witness to testify at the motion to withdraw a guilty plea hearing, the circuit court judge stated, it doesn't make any difference on the plea if she comes in here now and says it never happened. That's not a basis to withdraw the plea unless that's something to do with your state of mind on that day. And that is a direct quote. This demonstrates that the circuit court did not understand its discretion and how it could rule upon the motion to withdraw a guilty plea. Under a long series of cases, the Illinois Supreme Court noted that a motion to withdraw a guilty plea should be granted when the defense has a defense worthy of consideration by a jury or that the interest of justice require it. That was enunciated very forcefully by a case called Morale in 1952, and more recently in a case called Davis in 1991, both cited in our brief. So when the circuit court is ruling upon a motion to withdraw a guilty plea, it has a great deal of discretion. The discretion is to whether to grant or deny the motion, but it's under morale, a discretion that is to be exercised in favor of innocence and liberty and in light of the preference that is shown by the law for a trial on the merits. This statement by the circuit court judge speaking with Mr. Byrd of the motion to withdraw a guilty plea hearing shows that he does not understand that very important principle of the law about motions to withdraw a guilty plea and was simply focusing upon Mr. Byrd's state of mind at the time of the guilty plea. Consequently, we believe that he was denied a fair hearing upon this important principle and that this court should vacate the order denying his motion to withdraw a guilty plea and remand the cause for another hearing on the matter. Unless the court has any questions. Thank you. Thank you. Stacy. Your honors, counsel, may it please the court. My name is Kelly Stacy appearing on behalf of the people and in light of the fact that defense counsel went ahead and decided not to argue and I'll move on to issue two and in issue two the defendant argues that the trial court failed to consider whether he had a defense worthy of consideration. In support of that, he alleges that the trial court would not allow him to call the victim Melissa Hernandez as a witness in the case. I think this court will find on review of the record that the record does not support this that he may be allowed to call Miss Hernandez as a witness. That's in the record at page 237. The defendant's amended motion to withdraw his guilty plea alleged that his plea was involuntary, that it was the product of coercion by Mr Turner, who represented him at the guilty plea proceeding. He alleged that Mr Turner failed to present evidence of the victim's police report and that he acted in self defense when he bit Miss Hernandez and that Miss Hernandez was not alarmed or frightened when he entered her residence. Hearing on the defendant's motion occurred on two different dates, the court asked the defendant if he anticipated calling any witnesses. The defendant said he wanted to call Melissa Hernandez. The court asked the defendant how her testimony relates to the withdrawal of his guilty plea and the court explained to the defendant that a motion to withdraw his plea does not go back and reopen the entire case. The judge's statement is absolutely correct here. Where the defendant stipulated to the factual basis that the defendant approached the home of Melissa Hernandez through a paving stone, through the back window, and entered her residence. He entered her bedroom, had sexual intercourse with her. He insisted that she go to St. Louis to the bus station with him. The defendant refused to allow her exit the vehicle and during an altercation the defendant bit a large chunk of flesh out of the victim's temple. The defense stipulated to the factual basis in this and in People v. Feldman this court held that judicial admission is binding upon the party making it and may not be controverted by other evidence. This is why the court focused on the voluntary nature of the plea. Even still the judge told the defendant he may allow him to call Melissa Hernandez as a witness. He continued the hearing to another date to allow for the court reporter to prepare the transcript of the guilty plea proceeding and the sentencing hearing. When the hearing was reconvened 70 days later the defendant did not call Ms. Hernandez. In fact he didn't call any witnesses. He did not offer any sworn statements. He did not offer any affidavits and all the arguments he made that day were things that he knew at the time he entered the guilty plea. His claim that Ms. Hernandez was not frightened or alarmed when he threw a paver through her door to gain entry is just simply unworthy of belief and his claim that he bit a gaping hole in Ms. Hernandez's face in self-defense is also unworthy of belief. But you're saying the record supports that the trial court did not bar him from calling the witness. In fact continued for him to do so. That's correct. The trial court in the first hearing when Mr. Byrd decided he did not want Rand Hale to represent him after Mr. Hale had consulted with him the court talked with him about what evidence he would be presenting and at that point in time the defendant said well I might want to call Ms. Hernandez as a witness. And the court discussed with him about why he would want to call her as a witness. I'm assuming part of that was because of the nature of the charges here and how Ms. Hernandez might feel. Also given the fact that the defendant stipulated to the factual basis that's why the court said well it doesn't really matter whether any story changes now. And the court even mentioned that sometimes files get lost, sometimes people forget what they testified to before. But all of that doesn't change the fact that the guilty plea was entered. And I think this court's Feldman case is correct. Let me get back to my question though about what did the court say about calling the witness? Did the court say I'm not going to let you call her? No he did not. Did the court say despite all these things that I just said though I'll let you if you want to? He said I might let you call her. I might let you. Okay. And then he said in order to figure out where we're going from here we really need to get a copy of the plea hearing and the copy of the sentencing hearing so we can decide how to go from there. So when they came back the defendant didn't ask to call any witnesses. He didn't call Ms. Hernandez. He didn't call anybody as a witness. He just simply made an argument. So for those reasons the people would ask you to affirm. Thank you. Thank you. Rebuttal? Yes your honor. Would you answer the same questions that I asked about Ms. Stacey about the record and I mean did the trial court ever say I deny your request to call the witness? I believe that is what the judge did in his statement to the defendant which I read. You say as a practical effect. That was his statement to the defendant that he was not allowing the defendant to call that witness and he did not ever say you may call the witness. He never comes out and I have to admit he never comes out and says you absolutely may not but he does not say any of those things. After he says why basically why do you want her that's all irrelevant. That's not going to matter to me. That is not what we're here about. Would kind of discourage the defendant. Yeah my client is a pro se defendant who is doing a motion to withdraw guilty plea. I have to admit freely that he would be better off not doing that but he does present and say he wants to have this witness called and what happens? The judge shuts him down and that witness is not called and so therefore coupled with that in showing this statement by the circuit court judge this demonstrates that he is not properly exercising his discretion and that is that very important discretion and let us sort of face the facts here which is that discretion is huge. This court rarely vacates a guilty plea, reverses order denying a motion to withdraw guilty plea based upon the idea that it is better that there be a jury trial. That is essentially one of the great unrevealable discretions that the circuit court has. Consequently when you see that the circuit court's exercising its discretion improperly that it doesn't recognize what discretion it has that is very important to me and so we think that it should be sent back for that discretion to be exercised properly. The state has brought up a recent decision in the case of People v. Felden in which there is language from this court that judicial stipulations bind the defendant except that language conflicts with the very notion and idea of a motion to withdraw a guilty plea and that within the discretion of the circuit court he can vacate the guilty plea if there is a defense worthy consideration by the jury, if there is a need for it in the interest of justice. That is the discretion to be used. Consequently the Felden panel of this court just does not recognize that as the important principle of law to be upheld and if it were to be as Felden and the cases cited in the state's brief that you just are always bound by the guilty plea because you agree to what the elements of the offense are and that is circular logic. You are bound by it because you said it at the guilty plea hearing therefore you can't predict it over here. Well that's just not what is assumed by allowing a motion to withdraw a guilty plea and in Felden I told the court once again of one famous case from St. Clair County in which the defendant pled guilty to possession of cocaine and that happened very fast and what it actually was was breadcrumbs and it was he pled guilty before so he could get out of jail and things like that happen all the time and in this case there was a lot of time going on but you have to allow for the circuit court to exercise the discretion properly. Thank you your honor. Okay thank you thank you for your argument and your briefs uh we provide you with a decision and we will now break